## HARRISON v. PULLMAN CO.
### No. 9733.

Circuit Court of Appeals, Eighth Circuit.
Jan. 27, 1934.

Rehearing Denied Feb. 20, 1934.

William L. Mason, of St. Louis, Mo. (R. N. Rooks and Mason & Flynn, all of St. Louis, Mo., on the brief), for appellant.

Sears Lehmann, of St. Louis, Mo., for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellant, a former Pullman porter, and a citizen and resident of the state of Missouri, brought. suit against appellee, a citizen and resident of the state of Illinois, in the circuit court of the city of St. Louis, Mo., to recover damages for breach of contract in his alleged wrongful discharge from the service of appellee. At the conclusion of plaintiff's case, the court upon motion directed a verdict for defendant.

It is alleged that on or about February 15, 1926, appellee promulgated and delivered to appellant, and to its other employees of the same class, a printed agreement designated "Agreement between the Pullman Company and its Porters and Maids." The part of that agreement relied upon by appellant, and having application to the situation here presented, is rule 9, which, so far as pertinent, reads as follows:

"Rule 9. (a) Suggestions, recommendations and grievances and all other questions which arise as to working conditions under these rules, and such other matters as may be of importance to the welfare of the employees, shall be handled in accordance with the Plan of Employee Representation.

"(b) The right of the Pullman Company to suspend or discharge an employee at any time for incompetency, or other just and sufficient reasons is recognized, as is also the right of an employee to a fair and impartial hearing at the earliest possible date as to the cause and justification for suspension or dismissal, provided such hearing is requested by such employee or any of his representatives on the Local Committee under the Plan of Employee Representation within 30 days from the date of such suspension or discharge, and provided such employee has completed his probationary period. If such hearing is requested and held and it is found that the employee has been unjustly discharged or dealt with, such employee shall be reinstated, and compensation for the wage loss, if any, suffered by him or her.

"(c) Should an employee subject to this agreement believe that he has been unjustly dealt with or any of the provisions of this agreement have been violated, he may appeal to his District official, and failing satisfactory adjustment, he may proceed as follows:

"(d) He may refer the matter to the Local Committee, such committee to grant prompt hearing and careful consideration and make its recommendation to the highest local officer of the Company designated to handle such matters. Failing satisfactory adjustment the claimant or the Local Committee may refer the matter to the Zone General Committee under the Plan of Employee Representation, and failing satisfactory ad-

justment, to the Bureau of Industrial Relations, with right to appeal as provided by law."

It was expressly provided that this agreement should supersede all previous agreements and also any practices or rules in conflict therewith. It was accepted by appellant, who entered upon his work pursuant to its terms and provisions.

November 29, 1926, appellee dismissed and discharged appellant from said employment. December 12th following, appellant mailed a letter to appellee's local superintendent, and later visited the superintendent's office requesting a hearing as to the cause and justification of the discharge. It is alleged that appellee "in violation of its aforesaid contract, arbitrarily and unjustly refused and still continues in its refusal to grant the plaintiff a hearing as to the cause and justification for his said dismissal and discharge."

It is apparent from the terms of the contract, whose breach is alleged, that no duty devolved upon appellee to grant the hearing requested. It was expressly provided that the welfare of employees should be handled in accordance with the "Plan of Employee Representation." This plan was explicit. If an employee subject to the agreement felt that he had been unjustly treated, or that any of the provisions of the agreement had been violated, his first step was an appeal to his district official. Failing a satisfactory adjustment, he should proceed as stated in paragraph (d) of rule 9 as quoted above.

After appealing to Superintendent Burr, who was the district official of the Pullman Company, he took the matter up with the local committee to the extent of speaking to one of its members, a fellow employee. Nothing resulted from this, and appellant did nothing further thereafter. No attempt was made by him, or on his behalf, to refer the matter to the zone general committee, under the plan of employee representation, or to the bureau of industrial relations, with the right of appeal as provided by law. This suit was filed in the state court October 5, 1931, nearly five years after the discharge complained of.

It is evident that this contract between the Pullman Company and its employees was entered into for the purpose of establishing a complete and explicit code for the adjustment of labor disputes involving, among other things, such questions of employment. Appellant in terms sues because of an alleged breach of this contract, and, to prevail, he must show that he has brought himself within its terms and has been unable to secure a satisfactory adjustment by the means therein expressly provided. This he has failed to do, and for this reason he is unable to present his case in court as a justiciable controversy.

Appellant, in this court, by an additional assignment of error, denied because not justified by the record, seeks to invoke the provisions of the Railway Labor Act of May 20, 1926 (45 USCA, § 152, subsec. 3), claiming that the evidence discloses coercion of employees in violation of said act. No reference to this act is contained in the pleadings, nor was this contention brought to the attention of the trial court. The contest below concerned the application of the contract sued on and whether appellant had so far brought himself within its terms as to justify this action for its breach.

The motion for a directed verdict was properly sustained, and the judgment below is affirmed.