## COUSINS v. PULLMAN CO.
### No. 11426.

Court of Civil Appeals of Texas. Dallas.
May 19, 1934.

George Sergeant, of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee.

LOONEY, Justice.

F. A. Cousins sued the Pullman Company for damages, basing his right to recover on the breach of a contract of employment. As plaintiff's suit was dismissed on demurrer, it becomes necessary to notice the material allegations of his petition. He alleged, in substance, that he was in the service of defendant as a Pullman car conductor, was a member of the order of Sleeping Car Conductors; that this organization acting for and on behalf of all Pullman conductors including himself, agreed with defendant on certain rules governing working conditions; that the con-

tract of employment provides that a conductor disciplined, or who considers that he has been unjustly treated, may present his grievance for hearing and decision to a certain series of boards, superintendents and tribunals named in rule 10 (of decision No. 2052), under the terms and conditions therein set out; providing that if the conductor prevails he shall be returned to his former position and compensated for the loss sustained; that on or about August 2, 1928, he was discharged without cause, and, feeling himself aggrieved, presented his grievance for hearing and decision, under the provisions of rule 10 successively to the district superintendent of the Dallas district, to the zone superintendent at Houston, Tex., to the assistant general manager in Chicago, Ill., and to the board of adjusters, and, being denied a satisfactory adjustment by each of these tribunals, presented the matter to the United States Board of Mediation, alleging in this connection "that the Board of Mediation does not adjudicate cases of this nature, and failing (that is, the Board failing) to compose the differences of the parties by persuasion, the case was undetermined and plaintiff's grievance left to the courts for their decision"; wherefore plaintiff prayed that he have judgment for $1,853.75 damages for loss of salary, and $1,000 damages for humiliation, loss of business standing, etc.

The provisions of the contract of employment, referred to as rule No. 10, are a part of plaintiff's petition as an exhibit and read:

"(a) A conductor disciplined, or who considers he has been unjustly treated, may elect to present his grievance for hearing and decision as hereinafter stated, provided written request is presented by him within 10 days of the action complained of.

"(b) Presentation to be made (1) to his district superintendent; (2) failing in satisfactory adjustment within 10 days, to his zone superintendent; (3) failing in satisfactory adjustment within 10 days, to the Assistant General Manager in Chicago; (4) failing in satisfactory adjustment within 15 days, to the Board of Adjustment; and (5) failing in satisfactory adjustment within 10 days, to the United States Board of Mediation.

"(c) Application for all hearings and appeals and all decisions rendered thereon shall be in writing.

"(d) At each hearing and appeal the conductor may present his grievance either personally or through his duly accredited representatives not to exceed three in number.

"(e) If the final decision sustains the contention of the conductor, the records shall be cleared of the charge, if any has been made against him, and he shall be returned to his former position or to that for which he is contending and compensated for wage loss, if any has been suffered by him."

The evident purpose of these provisions is to discourage litigation as a means of settling controversies; however, opposed to this idea, plaintiff seeks to have the court determine the issue as to whether he was properly or improperly discharged. We do not think this can be done. To prevail, plaintiff must bring himself within the terms of the contract sued upon, by showing that his appeal was sustained by a designated tribunal; failing in this, no cause of action against defendant could arise and no justiciable questions would exist.

The idea of arbitration is not within the purpose of the provision giving an aggrieved conductor the right to successive appeals; the provision being for his exclusive benefit, to insure a fair and impartial hearing of the grievance, he was privileged to appeal or waive the right at any stage of the proceedings, and failure on his part to prosecute an effective appeal would, in our opinion, constitute waiver. His allegations, to the effect that the Board of Mediation left the question undetermined, after failing by persuasion to compose the differences of the parties, cannot be assimilated to a favorable decision entitling him to be reinstated and compensated for wages lost. It may be, and no doubt is true, that the Board of Mediation was not required by the Act of Congress of May 20, 1926 (44 Stat. 577 [45 USCA § 151 et seq.]), to take cognizance of such matters, yet the provision of the contract was not invalid for that reason, as the board could nevertheless have acted, and its action would have satisfied the purpose of the agreement, but its nonaction, due to no fault of defendant, left the preceding adverse verdicts undisturbed, and plaintiff's status unchanged. No cause of action could have arisen in favor of plaintiff, in the absence of a finding by one of the designated tribunals that his discharge was without cause, but no such finding was made; on the contrary, it appears that, after prosecuting successive appeals to the tribunals set up in the contract, he received five adverse verdicts; four affirmative and one negative.

The doctrine is well settled that where the contract of employment provides, as in the instant case, that a discharged employee may appeal to designated tribunals, he is bound to pursue the contract remedy and cannot properly complain to a court for redress,

unless and until he exhausts that remedy, and shows an effective appeal, entitling him to reinstatement and compensation for wages lost. See St. Louis, B. & M. Ry. Co. v. Booker (Tex. Civ. App.) 5 S.W.(2d) 856, 859; Caulfield v. Yazoo & M. V. R. Co., 170 La. 155, 127 So. 585, and authorities cited. Harrison v. Pullman Co. (C. C. A.) 68 F.(2d) 826. Failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.