## GATLIFF COAL CO. v. COX.

### No. 9727.

Circuit Court of Appeals, Sixth Circuit.

June 1, 1944.

878

H. C. Gillis, of Williamsburg, Ky. (Tye & Siler, H. C. Gillis, and Robert L. Smith, all of Williamsburg, Ky., on the brief), for appellant.

C. B. Upton, of Williamsburg, Ky. (R. L. Pope, of Knoxville, Tenn., and C. B. Upton, of Williamsburg, Ky., on the brief), for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, Gatliff Coal Company, is a Delaware corporation engaged in the business of mining coal in Whitley County, Kentucky, and a member of the Southern Appalachian Coal Operators' Association. Appellee, Maynard Cox, is an employee of appellant and a member of District No. 19 of the United Mine Workers of America.

On July 12, 1943, appellee filed his petition in the Whitley Circuit Court of the Commonwealth of Kentucky asking recovery of $6,686.62 with interest from March 31, 1943, which sum he alleged was due him as wages from appellant under a bargaining contract between the Southern Appalachian Coal Operators' Association and District 19, United Mine Workers of America. On September 21, 1943, appellant filed a special demurrer on the ground that the state court had no jurisdiction of the cause, because appellee was not a party to the contract on which he sued, and if a party the contract contained a clause of general arbitration and appellee's compliance therewith was a condition precedent to the institution of the action.

On September 25, 1943, appellee filed an amendment stating that appellant was engaged in the business of mining and shipping coal and coal products in intrastate and interstate commerce, and that he was employed by appellant in its power house under appellant's contract with his union for which he was to receive wages of $1.023 per hour. He stated that under the Fair Labor Standards Act of June 25, 1938, 29 U.S.C.A § 201 et seq., he was entitled to recover time and one-half for all overtime he was required to work for appellant in excess of forty hours per week and was also entitled to collect the wages at the rate provided in the contract between the Southern Appalachian Coal Operators' Association and District No. 19, United Mine Workers of America.

On October 2, 1943, appellant filed its petition and bond for removal of the cause to the United States District Court for the Eastern District of Kentucky on the ground of diversity of citizenship and also on the further ground that the cause was one arising under the laws of the United States (28 U.S.C.A. § 71). The state court refused to remove the cause and on October 12, 1943, appellant filed a transcript of the record in the United States District Court for the Eastern District of Kentucky at London, Kentucky. 52 F.Supp. 482. On October 16, 1943, appellant filed in the district court its answer, counterclaim, and ancillary complaint in five paragraphs and a motion for a permanent injunction against the further prosecution of the cause in the state court. On the same date appellee filed a response and also motion to remand. The trial court refused to remand the cause.

Appellant alleged in paragraph 1 of its answer that the court was without jurisdiction of the subject matter of appellee's cause because appellee had no justiciable rights under the bargaining agreement between the coal operators' association and the labor organization and further that if appellee was authorized to maintain an action on the contract that under its terms any controversy concerning its application was subject to arbitration and that as a condition precedent to the institution or maintenance of an action under the contract, it was necessary for appellee to show that appellant had refused to arbitrate the claim, and at the time of the institution of this action he had not so shown.

Appellee moved to strike the paragraph of the answer in question. On November 22, 1943, appellant filed an application for a stay of trial and all proceedings in the action until arbitration was had as provided in the Federal Arbitration Act in 9 U.S.C.A. § 3, and in accordance with the contract between the Appalachian Coal Operators' Association and District No. 19, United Mine Workers of America. On November 26, 1943, the trial court sustained appellee's motion to strike and overruled appellant's motion for a stay. From these orders this appeal is prosecuted.

■ Our first problem is one of jurisdiction. The appeal is taken from interlocutory and not final orders as required by Title 28 U.S.C.A. § 225. In Enelow v. New York Life Insurance Company, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Shanferoke Coal & Supply Corporation v. Westchester Service Corporation, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, the Supreme Court held that an order granting a stay of proceedings which was based on an equitable defense or cross bill interposed in an action at law was an appealable interlocutory order within the provisions of 28 U.S. C.A. §§ 225(b) and 227. The stay orders involved in the cited cases are substantially the same as was moved for and denied in the case at bar. A special defense setting up an arbitration agreement is an equitable plea and the denial of a motion for a stay under the Arbitration Act, 43 Stat. 883, Title 9 U.S.C.A, § 3 is the denial of an application for an interlocutory injunction based on a special defense. Shanferoke Company v. Westchester Company, supra.

■ The language of Section 227 of Title 28 U.S.C.A. is to be construed to include cases where a stay of proceedings equitable in nature is either granted or denied until something collateral to the main action is determined. The statute looks to the substantial effect of the order made. The provisions of Rule 1 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and of Rule 2 that "there shall be one form of action to be known as 'civil action'" does not obliterate the distinction between law and equity in the application of the section of the Code. Ettelson v. Metropolitan Life Insurance Company, 317 U.S. 188, 192, 63 S.Ct. 163, 87 L.Ed. 176.

■ When appellate jurisdiction attaches under Section 227, the reviewing court is not limited to a consideration of the action of the trial court on an interlocutory order denying or granting the stay, but

880

if it appears from the record that there is an insurmountable obstacle to the maintenance of the action, the appellate court may direct that the proceedings be dismissed. Deckert v. Independence Shares Corporation, 311 U.S. 282, 287, 61 S.Ct. 229, 85 L. Ed. 189.

We have jurisdiction to review each of the orders of which appellant complains and if appellee has no authority to sue on the contract between the Southern Appalachian Coal Operators' Association and District No. 19, United Mine Workers of America, the case is at an end. We, therefore, consider that question first.

██ Under the law of Kentucky the contract with which we are here concerned merely operates as an agreement between a body of employers and a labor organization by which the employers undertake that as regards their workmen certain rules and conditions beneficial to the workmen should be observed. By itself, the collective agreement constitutes no contract between the individual employee and the company which employs him. It is only an understanding as to the terms on which a contract of employment may be satisfactorily made and carried out. It is a mutual, general offer to be closed by acceptance. When the collective agreement is signed by the individual members of the employers' association and the collective bargaining agent of the labor organization, no other contract being shown, it becomes, until abrogated, the rule of the individual employer and any person who thereafter continues in the employment of the employer or takes new employment with him becomes entitled to all the benefits of the collective agreement and incurs all of its obligations. Hudson v. Cincinnati, N. O. & T. P. Railway Company, 152 Ky. 711, 154 S.W. 47, 45 L.R.A.,N.S., 184; Piercy v. Louisville & Nashville Railroad Company, 198 Ky. 477, 248 S.W. 1042, 33 A.L.R. 322; Aulich v. Craigmyle, 248 Ky. 676, 59 S.W.2d 560; Louisville & N. Railroad Company v. Bryant, et al., 263 Ky. 578, 92 S.W.2d 749.

Since appellee was employed by appellant at the time the collective agreement was entered into between the Southern Appalachian Coal Operators' Association and District No. 19, United Mine Workers of America and he thereafter continued in the employ of appellant and there being no showing that he made any individual contract conflicting with the collective agreement, appellee's rights arising out of his employment by appellant and the wages due him, if any, must be measured by the collective agreement. Appellee had the right under the circumstances here appearing to maintain the present action.

The contract here in question fixed a wage scale for engineers at an hourly rate of $1.023 or a daily rate of $7.16. The worker's day was seven hours or thirty-five hours per week, except employees engaged at power houses or sub-stations. As to these employees, the contract provided for an eight-hour day or forty hours per week and time and one-half for time worked in excess thereof. The contract set up a method for settling all differences arising between the mine workers and the operators as to the meaning and application of the provisions of the bargaining agreement. First, the aggrieved party and the mine management would undertake to settle the controversy; second, the management of the mine and the Miners' Committee; third, the mine management or company officials and the district officers of the United Mine Workers of America; fourth, a Board of four members, two designated by the mine workers and two by the operators; fifth, should agreement not be reached, the matter would be referred to an umpire selected by said Board; sixth, should the Board be unable to agree on the selection of an umpire, the International President of the United Mine Workers of America and the President of the Southern Appalachian Coal Operators' Association should designate an umpire whose decision would be final.

Appellant urges that where a collective agreement provides for extra judicial means of hearing and determining disputes growing out of grievances of employees or the interpretation and application of contracts between employer and employee, an employee is required to exhaust the remedies provided under the contract before resorting to the courts and that as appellee has not followed the contractual method of settling his dispute with appellant, the trial court was in error in striking the first paragraph of its answer.

██ It is a familiar doctrine that an agreement inserted in a contract that the parties will refer any dispute arising thereunder to arbitration, the decision of the arbitrators being final, will not oust courts of law of their ordinary jurisdiction. A provision in a contract for the payment of money upon a contingency and a further

provision therein that the amount to be paid shall be submitted to arbitrators whose award shall be final as to the amount, but shall not determine the general question of liability has been long held to be valid and if the contract further provides that no action shall be maintained upon it until after an award, the award is a condition precedent to the right of action. Hamilton v. Liverpool & London & Globe Insurance Company, 136 U.S. 242, 10 S.Ct. 945, 34 L.Ed. 419. On the other hand it also is the law, unless changed by statute, that if there is a condition in a contract, express or implied, that no action can be maintained thereon until after arbitration, then such arbitration provisions are collateral and independent of the other parts of the contract and, while a breach of the arbitration agreement would support a separate action, such a provision is not a bar to an action on the contract. Hamilton v. Home Insurance Company, 137 U.S. 370, 385, 11 S.Ct. 133, 34 L.Ed. 708.

It is the law in Kentucky that an agreement between parties to a contract to arbitrate all of the disputes thereafter to arise thereunder is invalid and unenforceable as constituting an attempt to oust the legally constituted courts of their jurisdiction and to set up private tribunals, but that if the matter to be submitted to arbitrators was the mere finding of a fact or facts, the determination of which is essential to the accrual of the cause of action itself, such arbitration or finding becomes a condition precedent to the right to sue and is therefore not within the general rule. The provision for arbitration in the case at bar being one to cover all disputes thereafter arising under the contract and not being confined to the ascertainment of a fact essential to the existence of the cause of action itself, comes clearly within the Kentucky general rule that it is not binding upon either party. Appellee therefore in the establishment of his case was not called upon to prove that he had submitted or offered to submit his claim to the method of arbitration provided in the contract on which he sues. Continental Insurance Company v. Vallandingham, 116 Ky. 287, 76 S. W. 22, 105 Am.St.Rep. 218; Ison v. Wright, Ky., 55 S.W. 202; Gaither v. Dougherty, Ky., 38 S.W. 2; Jones v. Jones, 229 Ky. 71, 16 S.W.2d 503. Under the statutory law of Kentucky, an agreement to arbitrate is binding only if it states in writing the matter to be submitted and the names of the

arbitrators. Ky. Revised Statutes, sec. 417.-010. The statute further provides that the courts of the Commonwealth shall have the power to set aside the award of arbitrators on equitable principles. Ky. Revised Statutes, sec. 417.040.

It may be that the courts in refusing to specifically enforce arbitration agreements because against public policy, have placed too great faith in the law alone and that no unrighteous purpose would be served by upholding such contracts because their enforcement would often determine disputes and controversies, thus avoiding the formalities, the delay and expense and the vexation of ordinary litigation. An agreement that all differences arising under a contract shall be submitted to arbitration relates to the law of remedies and the law that governs remedies is the law of the forum. Such a contract, whatever form it may assume, affects in its operation the remedy alone. Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 119, 44 S.Ct. 274, 68 L.Ed. 582. The rule prevails in Kentucky that parties may not by contract deprive themselves of the right to resort to courts for the settlement of their controversies. It is our duty to expound, not to make the law of the state.

In Harrison v. Pullman Company, 8 Cir., 68 F.2d 826, the court decided that before an employee of the company could maintain an action on a collective bargaining agreement, he must allege and show that he had brought himself within the terms of the agreement and had been unable to secure a satisfactory adjustment by the means expressly provided in the contract. This case is not in conflict with the conclusion here reached. The Kentucky courts have decided that where parties have agreed on a method of arbitration pursuant to a statutory regulation, such agreements are valid. Norfolk & W. Railway Company v. Harris, 260 Ky. 132, 84 S.W.2d 69; Northern States Contracting Company v. Swope, 271 Ky. 140, 111 S.W.2d 610.

In the Harrison case, the collective agreement provided for settlement of disputes according to the constitution and by-laws of the Brotherhood and its agreement with the Pullman Company and if the employee's claim was denied by those authorized to arbitrate under the agreement, he was required to appeal to the authority created by and existing under 44 Stat. 577, Fed. Railway Labor Act 1926, 45 U.S.C.A. § 151

et seq. In the case at bar there is no statutory administrative tribunal set up either under the state or federal law under which appellee could refer his dispute.

Section 3 of the United States Arbitration Act, Feb. 12, 1925, chap. 213, 43 Stat. 886, § 14, 9 U.S.C.A. §§ 3, 14, provides in substance that where it appears in any proceeding upon an issue referable to arbitration upon an agreement in writing for such arbitration, the court upon being satisfied that the issue involved is referable to arbitration shall on application of one of the parties stay the trial of the action until such arbitration has been had. Appellant urges that the trial court committed error in overruling its motion for a stay of the action pursuant to the statute. To this contention, we cannot agree. The title to the act provides that its purpose is "to make valid and enforceable written provisions or agreements for arbitration of disputes arising out of contracts, maritime transactions, or commerce among the States or Territories or with foreign nations." It is written into the first section that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." The office of an exception in a statute is well understood. It is intended to except something from the operative effect of a statute or to qualify or restrain the generality of the substantive enactment to which it is attached and it is not necessarily limited to the section of the statute immediately following or preceding. The scope of the exception or proviso in the statute must be gathered from the view of the whole law, and if the language of the exception is in perfect harmony with the general scope of the entire statute, the exclusion is applicable to the whole act. It is clear that the exception here in question was deliberately worded by the Congress to exclude from the National Arbitration Act all contracts of employment of workers engaged in interstate commerce. Section 2 of the Act makes valid and irrevocable all arbitration agreements in writing to submit to arbitration future controversies arising out of the contract of which the arbitration agreement was a part. It would be senseless to say that the exclusion from the Act covers the validity of the contract, but excludes the stay provision of Section 3. The reason for the exclusion is applicable to the entire Act. The language of the exclusion "herein contained" is found in the first section of the Act. This section is made up entirely of definitions and exceptions to the operation of the title. "Herein" as used in legal phraseology is a locative adverb and its meaning is to be determined by the context. It may refer to the section, the chapter or the entire enactment in which it is used. The fact that it was used in the present Act in a section where none of the substantive matter set up in the succeeding sections of the Act appeared must mean that it is to be applied to the whole Act and not to any given section. There can be no doubt that the contract in issue is a contract of employment. Appellant insists that the exception relates only to the subject specified in the title. If we give full weight to appellant's contention, its argument must fail because the title not only states that its purpose is to make valid arbitration contracts but also to make them enforceable. Section 3 sets up one of the methods of enforcement.

The case of Donahue v. Susquehanna Collieries Co., 3 Cir., 138 F.2d 3, applied the Arbitration Act to a suit on the contract of an employee to recover amounts alleged to be due for overtime work which he claimed by virtue of the Fair Labor Standards Act of June 25, 1938, 29 U.S.C.A. § 201 et seq. While the title to the Act and Sections 1 and 3 are set out in full in a footnote to the opinion, the court nowhere in its opinion refers to the statutory exception. The point that the Arbitration Act excluded employment contracts must not have been called to the attention of the court. In any event, if there be implicit in the court's decision a conclusion that the Arbitration Act is applicable to employment contracts, we find ourselves in disagreement. The orders of the district court are sustained.