## DONAHUE v. SUSQUEHANNA COLLIERIES CO.

### No. 1095.

District Court, M. D. Pennsylvania.

July 2, 1946.

Fahey & Casper, of Wilkes-Barre, Pa., for plaintiff.

Bedford, Waller, Jones & Darling, of Wilkes-Barre, Pa., for defendant.

WATSON, District Judge.

This Court on April 13, 1943, entered an order denying the application by the defendant for a stay of the proceedings pending arbitration. 49 F.Supp. 843. The defendant appealed and the United States Circuit Court of Appeals in an opinion filed September 1, 1943, said "the order of the District Court is reversed and the case remanded for further proceedings not in-

consistent with this opinion." The record fails to show that any order was entered in the case after the opinion and mandate were filed.

On April 17, 1946, the plaintiff filed a motion to modify the order staying the action pending arbitration. It is not clear whether the plaintiff refers to the opinion by the Circuit Court of Appeals above referred to, or to some action by this Court. As before stated this Court made no order in the case after the opinion and mandate were filed. This Court should certainly not be called upon to modify an order made by the Circuit Court of Appeals. However, the motion by the plaintiff will be treated by this Court as a motion for an order by this Court staying the proceedings pending arbitration, in accordance with the mandate of the Circuit Court of Appeals, and after due consideration the following order is made:

It is ordered that proceedings be stayed pending arbitration under the following principles:

1. That the claims for over-time wages allegedly earned during the period October 24, 1938, to November 1, 1939, as set forth in the plaintiff's complaint, be considered by the arbitrators without regard to the provision of Section 7 of the Wage Agreement of May 20, 1941 purporting to settle and satisfy said claims, which provision is invalid.

2. That the claims for over-time wages allegedly earned during the period November 1, 1939, to May 1, 1941, as set forth in plaintiff's complaint, be considered by the arbitrators without regard to any formula allegedly applied in determining said wages pursuant to the resolution of the Board of Conciliation of September, 5, 1939.

3. That the claims for over-time wages earned during the period May 1, 1941, and following, be considered by the arbitrators without regard to the formula set forth in Section 7 of the Wage Agreement of May 20, 1941, which formula is invalid.

4. That the issue to be decided by the arbitrators is the amount to which each claimant is entitled under the terms of the Federal Wages and Hours Act, 29 U.S.C.A. § 201 et seq., and for the purpose of deciding said issue, the said arbitrators are directed to make findings as follows:

(a) The identity of each claimant as an employee of the defendant.

(b) The days and hours each claimant worked and the number of hours each employee worked each week.

(c) The amount of over-time wages due each claimant calculated in accordance with the provisions of said Act, viz.: By finding the wages paid to each employee each week, dividing the same by the number of hours worked during the said week and thus arriving at the hourly rate of pay. The rate thus found is to be applied to the first 44 hours of work from October 24, 1938, to October 24, 1939, the first 42 hours of work from October 24, 1939, to October 24, 1940, and 40 hours of work after October 24, 1940, and one and one-half times said rate applied to the balance of the hours worked.