## DONAHUE v. SUSQUEHANNA COLLIERIES CO.

### No. 9197.

Circuit Court of Appeals, Third Circuit.

April 2, 1947.

Argued Oct. 25, 1946.

Decided April 2, 1947.

Charles B. Waller and Ben R. Jones, Jr., both of Wilkes-Barre, Pa. (Bedford, Waller, Jones & Darling, of Wilkes-Barre Pa., on the brief), for appellant.

Charles L. Casper, of Wilkes-Barre, Pa. (William J. Fahey and Albert H. Aston, both of Wilkes-Barre, Pa., on the brief), for appellee.

Before BIGGS, ALBERT LEE STEPHENS, and KALODNER, Circuit Judges.

662

KALODNER, Circuit Judge.

This is a second appeal in this case. Appellee instituted suit on behalf of himself and other employees of the appellant to recover for alleged unpaid overtime work and damages pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The contracts of employment provided for arbitration of disputes and based thereon the appellant made application to the District Court, under Section 3 of the United States Arbitration Act of 1925, 9 U.S.C.A. § 3, to stay the proceedings therein, pending arbitration in accordance with the terms of the contract. The Court below denied the application, D.C., 49 F.Supp. 843, and an appeal was taken.

One of the points involved in that appeal was whether the appellant's application was premature. Appellee contended that an an-swer to the complaint was necessary to determine the nature of the controversy between the parties and whether there was an issue referable to arbitration. Briefly, we held that although we could not know what points would be fought out by the litigants until appellant stated his position, nevertheless, the demand in the complaint constituted an "issue referable to arbitration" within the meaning of the Arbitration Act; hence, appellant's application was not premature. For this, and other reasons, the Order of the Court below was reversed and the case remanded for further proceedings not inconsistent with our opinion. 3 Cir., 138 F.2d 3, 149 A.L.R. 271.

Nothing further happened for a period of about two and a half years. Then appellee filed a motion "To modify Order Staying Action Pending Arbitration".[1]

[1] The Motion reads as follows:

"1. That on December 29, 1942, your petitioner brought this action on behalf of himself and other employees of defendant similarly situated against the defendant, all to recover overtime wages for which they had not been paid and to which they were entitled by virtue of the Fair Labor Standards Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. §§ 201 et seq., 216.

"2. That upon application of defendant for stay of proceedings until arbitration hás been had, an order was entered by your Honorable Court on April 13, 1943, denying the application for stay of proceedings.

"3. That on April 20, 1943, defendant appealed to the United States Circuit Court of Appeals for the Third Circuit and by opinion and order entered September 1, 1943, to No. 8352, the said Circuit Court of Appeals reversed said order of your Honorable Court and remanded the case for further proceedings.

"4. That in the case of Watkins et al. v. Hudson Coal Co., the said Circuit Court of Appeals for the Third Circuit in opinion and order filed September 5, 1945, to No. 8651 (3 Cir., 151 F.2d 311), affirmed an order of this court staying proceedings pending arbitration entered to No. 1100 Civil Action but modified said order so that the proceedings in arbitration would be conducted under the rules of law set out in said opinion.

"5. That said case of Watkins et al. v. Hudson Coal Co. is a case involving similar facts and issues to the case at bar. In its opinion the Circuit Court of Appeals made the following findings and conclusions of law in regard to the contract on which this action is based and the issues to be submitted to arbitration:

"(a) That as to over-time wages allegedly earned during the period October 24, 1938 to November 1, 1939, the provisions of Section 7 of the Union-Operator Wage Agreement of May 20, 1941, purporting to constitute full settlement and satisfaction of all claims, if any, for over-time against any signatory operator arising out of employment prior to May 1, 1941, was insufficient for that purpose and invalid.

"(b) That as to over-time wages allegedly earned during the period November 1, 1939, to May 1, 1941, the plaintiffs, whose situation is like that of the employees shown in the samples of due bills introduced by stipulation, may recover without decision of any question of legal validity of any formula for the reason that no formula under the resolution of the Board of Conciliation of September 5, 1939, was ever applied in determining the wages due such employees.

"(c) That as to over-time wages allegedly earned during the period May 1, 1941 and following, the formula set forth in Section 7 of the Wage Agreement of May 20, 1941, is invalid and that the claims for such over-time wages should be considered without regard to said formula.

"6. That in the case at bar, the claims for over-time wages, allegedly earned during the period November 1, 1939, to May 1, 1941, the situation of the plaintiffs is like that of the employees shown in the samples of due bills introduced by stipulation in the case of Watkins et al. v. Hudson Coal Co. and the wages paid

Appellant, in response thereto, filed an answer "raising questions of law", but reserving therein the right to reply to the motion or the complaint by specifically admitting or denying the allegations therein.

The Court below recognized that it could not modify a mandate of this Court, but noting that no stay order had been promulgated, it treated appellee's motion as an application for an order staying proceedings in accordance with our mandate, and granted substantially the order sought.[2]

Appellant, in this appeal, objects to that order on three grounds, that it modifies our mandate, that it anticipates without basis in the record points of probable dispute and limits the arbitration accordingly, and that it goes beyond the authority conferred upon the courts by the Arbitration Act, 9 U.S.C.A. § 3.

Difficulty with the order entered by the Court below is immediately encountered. Appellee, on the prior appeal, had contended that having only the complaint, it was impossible to determine what points would be fought out by the parties, or whether there was any issue for arbitration. We held to the contrary, particularly ruling that the appellant's application was not premature despite lack of responsive pleading. Although we did not in so many words direct the issuance of the stay order requested by the appellant, our limitation, to further proceedings not inconsistent with our

were calculated on the basis of the old rates and not on the basis of any possible formula rates under the resolution of the Board of Conciliation of September 5, 1939.

"7. That although counsel for plaintiff has repeatedly requested counsel for defendant to define the issues which defendant wishes to have arbitrated, defendant and its counsel have consistently failed, refused and neglected to state or define such issues.

"8. That unless an order is entered by your Honorable Court defining the matters and issues to be heard before the arbitrators in accordance with the rules of law set forth by the Circuit Court of Appeals of the United States for the Third Circuit as above set forth, the arbitration proceedings cannot be properly conducted.

"Wherefore, your petitioner prays that an order be entered herein modifying the order staying these proceedings until arbitration is had in accordance with the rules of law aforesaid and in a form similar to the proposed order attached hereto and made a part hereof. And your petitioner will ever pray, etc."

[2] The District Court's order (66 F. Supp. 588, 589) reads as follows:

"Now, July 2, 1946, it is ordered that proceedings be stayed pending arbitration under the following principles:

"1. That the claims for over-time wages allegedly earned during the period October 24, 1938, to November 1, 1939, as set forth in the plaintiff's complaint, be considered by the arbitrators without regard to the provision of Section 7 of the Wage Agreement of May 20, 1941 purporting to settle and satisfy said claims, which provision is invalid.

"2. That the claims for over-time wages allegedly earned during the period November 1, 1939, to May 1, 1941, as set forth in plaintiff's complaint, be considered by the arbitrators without regard to any formula allegedly applied in determining said wages pursuant to the resolution of the Board of Conciliation of September 5, 1939.

"3. That the claims for over-time wages earned during the period May 1, 1941, and following, be considered by the arbitrators without regard to the formula set forth in Section 7 of the Wage Agreement of May 20, 1941, which formula is invalid.

"4. That the issue to be decided by the arbitrators is the amount to which each claimant is entitled under the terms of the Federal Wages and Hours Act * * and for the purpose of deciding said issue, the said arbitrators are directed to make findings as follows:

"(a) The identity of each claimant as an employee of the defendant.

"(b) The days and hours each claimant worked and the number of hours each employee worked each week.

"(c) The amount of over-time wages due each claimant calculated in accordance with the provisions of said Act, viz.: By finding the wages paid to each employee each week, dividing the same by the number of hours worked during said week and thus arriving at the hourly rate of pay. The rate thus found is to be applied to the first 44 hours of work from October 24, 1938, to October 24, 1939, the first 42 hours of work from October 24, 1939, to October 24, 1940, and 40 hours of work after October 24, 1940, and one and one-half times said rate applied to the balance of the hours worked."

*opinion*, left little, if anything else, to be done below. It did not contemplate an inquiry into any question we had resolved.

■ ; Examination of ;appellee's motion here in controversy reveals that the same considerations lie .behind it as were presented on the prior appeal. Thus, paragraphs 7 and 8 thereof[3] reiterate the contention that appellant has not defined the issues for arbitration and unless it does so, arbitration cannot be properly conducted. That we disposed of this argument is not open to doubt. , The motion differs now only insofar as. it requests the Court to define the issues for 'arbitration. whereas on the prior appeal it was urged that the appellant's answer, .joining issue, would solve appellee's artificial dilemma. Of course, it is not appellant's obligation to state what issues it wishes arbitrated: appellee made a demand upon the appellant; the latter called to the attention of the court that according to the contract between the parties that demand should have been submitted to arbitration. We agreed. There is now nothing left but to 'proceed to arbitration; such arbitration is effectuated by the court by staying the trial until arbitration has been had:

Appellee further misconceives the import of our decision in Watkins v. Hudson Coal Co., 3 Cir., 1945, 151 F.2d 311. It need only be noted that in that case there was no. similar problem, for an issue of law was presented on the pleadings and the facts necessary to the decision were the subject of a stipulation by the parties. The posture of the instant case does not permit a like result.

■ We do not stop to discuss in further detail the order entered in this case below, but it is necessary to comment upon the broad authority assumed by the District Court in specifying the issue for arbitration and directing the findings of the arbitrators. Under Sections 3 and 4 of the Arbitration Act, the Court is directed to give effect to an arbitration agreement on the application of a non-defaulting party by staying the judicial proceeding, in the one case, and by specific enforcement, in the other, when it finds that there exists an issue referable to arbitration. according to the terms of the written agreement between the parties. The Court may determine questions relating to enforcement, but that is. a far cry from such supervision and control of the arbitration proceeding as was here attempted. Force is added to this conclusion by Sections 10 and 11 of the Act which provide for recourse to the court in the proper case. We find nothing in the arbitration agreement here in controversy on this score, and it would certainly seem that the arbitrators may hear and decide any issue referable to them under the agreement which the parties care to submit. In any event, we see no reason for the exercise of such restrictions here and now. As this Court said in disposing of the prior appeal, 138 F.2d 3, at page 7, 149 A.L.R. 271, "we should not choke the arbitration process which has been given congressional approval * * *". In the Watkins case, supra, we merely decided the issues which were not for arbitration and noted that there remained other matters. for arbitration.

The order of the District Court is reversed and the cause is remanded with directions to stay the trial until arbitration has been had.

---

[3] See Footnote 1, supra.