BOSTON & MAINE TRANSP. CO. v. AMALGAMATED ASS'N OF STREET & ELECTRIC RY. & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION NO. 718 et al.

Civ. A. 52–41.

United States District Court
D. Massachusetts.

May 28, 1952.

Parker Brownell, Charles E. Holly, Boston, Mass., for plaintiff.

Thomas P. Dillon, Cambridge, Mass. (David Zimring, Chicago, Ill., Bernard Cushman, I. J. Gromfine, Washington, D. C., of counsel), for defendant.

FORD, District Judge.

This is an action brought under 29 U.S. C.A. § 185 based on an alleged breach of a contract entered into between plaintiff, as employer, and defendant unions, as representatives of plaintiff's employees. Plaintiff seeks damages for the interruption of its business by certain strikes which are alleged to have violated a no-strike clause in the contract.

The contract contained a provision for the submission of any dispute which should arise between the parties, with certain exceptions not material here, to a Board of Arbitration to be selected in a manner provided in the contract. Defendants move that these proceedings be stayed until arbitration has been had under the terms of the contract, and that the complaint be referred to arbitration.

Defendants rely chiefly on the provisions for stay of proceedings in the Arbitration Act, 9 U.S.C. § 3. In § 1 of that title it is provided that "* * * nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." There have been conflicting decisions as to whether the "contracts of employment" mentioned in this exclusionary clause included collective bargaining agreements such as that involved in this action, or merely individual contracts of hiring between the employer and employee, and also as to whether the exclusionary clause itself referred to the whole title, or only to certain sections thereof, not including the stay of proceedings provisions of § 3. It appears, however, that those circuits which have passed on the question are now in agreement that the whole of Title 9 is inapplicable to collective bargaining agreements and that in a case such as this a stay of proceedings pending arbitration should not be granted. Amalgamated Ass'n of Street, Electric Ry. and Motor Coach Employees of America v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 1951, 192 F.2d 310; International Union United Furniture Workers of America v. Colonial Hardwood Flooring Co. Inc., 4 Cir., 1948, 168 F.2d 33; Gatliff Coal Co. v. Cox, 6 Cir., 1944, 142 F.2d 876.

Defendants further contend that under Massachusetts law the arbitration clause of the contract is valid and enforceable, Mass.Gen.Laws, Ch. 150, § 11, and that the stay which they seek should be granted. Mass.Gen.Laws, Ch. 251, § 21. It is doubtful whether the law of Massachusetts has any application to the present controversy, which is brought under the provisions of a federal statute regulating commerce to enforce rights created by that statute. Shirley-Herman Co. Inc. v. International Hod Carriers, Building & Common Laborers Union of America, 2 Cir., 182 F.2d 806, 17 A.L.R.2d 609. In any case, however, statutory provisions for the enforcement of ar-

bitration agreements, including provisions for a stay of proceedings pending arbitration, are exclusively remedial in their nature and are governed solely by the law of the forum. Whether an action in a federal court shall be stayed pending arbitration is a matter of procedure controlled by the applicable federal statutes and not by state law. Murray Oil Products Co. Inc. v. Mitsui & Co. Ltd., 2 Cir., 146 F.2d 381, 383; Parry v. Bache, 5 Cir., 125 F.2d 493, 495; Wilson & Co. Inc. v. Fremont Cake & Meal Co., D.C., 77 F.Supp. 364, 379. The federal statute governing stay of proceedings pending arbitration is Title 9, U.S.C., which, as has been pointed out above, does not provide for the granting of a stay in the circumstances of the present case.

Defendants' motion to stay proceedings and refer the complaint to arbitration is denied.