**ROBERTSON v. PANHANDLE & S. F. RY. CO.**

No. 8021.

Court of Civil Appeals of Texas. Austin.

Nov. 21, 1934.

Rehearing Denied Jan. 9, 1935.

Wright & Tupper and W. H. Lipscomb, all of San Angelo, for appellant.

Terry, Cavin & Mills, of Galveston, and Collins, Jackson & Snodgrass, of San Angelo, for appellee.

BAUGH, Justice.

Robertson was a conductor on one of appellee's lines, running between San Angelo and Alpine. On May 23, 1930, he was discharged because of his use of intoxicating liquor, and subsequently refused reinstatement. He sued the company for damages, alleging that he was unjustly and unfairly discharged in violation of the company's rules and regulations, and in breach of the contract between the Railway Company and the Order of Railway Conductors of America, of which he was a member. The portion of said contract alleged to have been breached by appellee provided: "Conductors will not be dismissed or suspended from the Company's service without just cause. In case of suspension or dismissal if any employee thinks he has been unjustly treated he shall have the right within ten days to refer his case by written statement to the Division Superintendent; within ten days after receipt of such notice his case shall be given a thorough investigation by the proper officer of the Railway Company, at which he may be present if he so desires, and also be represented by any disinterested employee of his choice. In case he shall not be satisfied with the result of said investigation, he shall have the right to appeal to the designated succeeding higher officers of the company; in case dismissal is found to be unjust, he shall be reinstated and paid for all time lost. When a conductor is suspended he shall be notified in writing, but his suspension shall not become effective until after investigation is held if requested. In case of intoxication or insubordination dismissal will follow without formal investigation as provided above."

Robertson's contract of employment with appellee provided that he was subject to the rules, regulations, and special instructions of appellee. Rule G of said company provided: "The use of intoxicants or narcotics is prohibited."

The case was tried to a jury upon special issues in response to which they found:

1. That Robertson had not violated any rules or regulations under which he was working in the employment of appellee;

2. That he was discharged without just cause on May 23, 1930.

Other findings relate to the measure of damages, and, under the view we take of the case, need not be set out here.

The trial court, however, non obstante veredicto, rendered judgment that Robertson take nothing against the Railway Company, from which judgment he prosecutes this appeal.

While appellant alleged that he had been denied the investigation provided for in the contract above quoted in part, and which was charged to have been breached by the Railway Company, the ultimate issue made and presented to the jury was whether he had been discharged without just cause.

■ The record discloses that appellant presented himself at the station of appellee about 8 o'clock on the morning in question to take charge of the west-bound train which left San Angelo about 8:30. That the trainmaster met him upon the steps of the station, detected the smell of liquor on his breath, and charged him with having drunk wine. This, appellant denied, but admitted that he had drunk a bottle of "home brew" about 6 or 6:30 that morning. Three witnesses testified that he admitted that he had drunk two bottles of "home brew." Appellant testified that he admitted that he had drunk only one, but also testified on the trial that he had in fact drunk one bottle of "home brew" before breakfast that morning. While the evidence does not show that he was intoxicated when he reported for duty that morning, we think it conclusively showed that he had used an intoxicant and was under its influence to some extent, at least. Under these circumstances the trainmaster refused to let him take charge of his train and he was discharged.

■ Rule G of the Railway Company against the use of intoxicants by employees charged with the protection of the company's property and the lives of the passengers was well known to appellant, and its observance known to both officials and employees to be of vital importance. The reasons of such a rule are patent and obvious. The evidence, as well as the admission of appellant himself, conclusively show, we think, that he had violated that rule on the occasion of his discharge. It also showed that the Railway Company had rigidly enforced observance of the rule against the use of intoxicants by the discharge of numerous employees who had violated it. It was deemed sufficient cause by both employers and employees to justify dismissal from the service. Appellant insists, however, that notwithstanding said well-known rule G, under the contract between the Railway Company and the Order of Railway Conductors, dismissal without investigation was authorized only in cases of intoxication or insubordination; that he was not intoxicated on the occasion in question; and that his discharge without investigation was therefore unfair and unjust.

It appears, however, that because of the importance of abstinence from the use of liquor by conductors, and the controversies that might arise as to the degree or extent of intoxication, where the use of liquor by the employee was admitted or conclusively shown, dismissal for any use of liquor by such employee without the investigation provided for in said contract was considered as authorized under the contract itself. Such was the construction placed upon it as shown by the testimony of Myers, assistant general manager of appellee Railway Company; by Gillies, superintendent of appellee's lines in that division; and by Collins, general chairman of the Order of Railway Conductors itself, who executed said contract with the Railway Company on behalf of that organization. In addition, appellant, subsequent to the request made for such investigation, requested the general chairman of said Order of Railway Conductors in writing to abandon or disregard such request for investigation and to seek to have him reinstated in the employ of appellee Railway Company strictly on a leniency basis. This action, under the rules of the order, was in effect tantamount to an admission that he was not improperly discharged, and that he sought reinstatement and continuance in the service dependent upon future good conduct.

■ Under these circumstances, the evidence conclusively shows no breach by appellee of the terms of said contract. The finding of the jury that appellant had not violated any rule under which he was working is not only not supported by the evidence, but is contrary to the uncontradicted evidence and to the admission of appellant himself. The only ground on which such finding could be sustained would be that the jury concluded that "home brew" was not an intoxicant. The alcoholic content of that drunk by appellant was not shown, but the testimony was that "home brew" is intoxicating. In a case of this character, the exactitude of proof required to sustain a criminal conviction involving intoxicants is not necessary. The admission of appellant that he had on that occasion used intoxicants sufficiently established that issue to justify the action of the Railway Company in the premises.

Likewise the finding of the jury that he was discharged "without just cause," as that term was used in said contract, is referable to the construction of that contract made by the parties to it themselves. If, under said contract, and the admission of the appellant, the Railway Company was authorized to dismiss him for violation of its rules without an investigation, it necessarily follows that his discharge would not under said contract in legal contemplation be unfair nor unjust, whatever may have been the hardships or expediency of doing so in the particular case.

 It is unnecessary to discuss the right of the employer or the employee to terminate at the will of either employment for an indefinite time, unless such termination is limited by contract. That general rule is well established. St. Louis, B. & M. R. Co. v. Booker (Tex. Civ. App.) 5 S.W.(2d) 856, and cases cited; 29 Tex Jur. p. 18. And disobedience of reasonable rules of the employer which are known to the employee constitute just grounds for discharge. 18 R. C. L. 520; 29 Tex. Jur. p. 30; 39 C. J. 86.

Under these circumstances, and in view of the fact that in our opinion, under the pleadings and uncontroverted evidence, defendant was entitled to an instructed verdict in its favor, the trial court was authorized, under article 2211, R. S. 1925, as amended by Acts 1931, 42d Leg., p. 119, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211), to render judgment for defendant non obstante veredicto. The judgment of the trial court is therefore affirmed.

Affirmed.