James Otis LINDSEY, Appellant,

v.

GENERAL DYNAMICS CORPORATION,
Appellee.

No. 4873.

Court of Civil Appeals of Texas,
Waco.

Jan. 29, 1970.

Travis Kitchens, Waco, for appellant.

P. M. Johnston, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Lindsey from summary judgment that he take nothing in suit for damages against defendant General Dynamics.

Plaintiff, an employee of defendant, sued defendant alleging that "due to the actions of J. R. Pliner, a plant inspector, and a defective tool, plaintiff damaged a piece of material"; that the report was changed showing that plaintiff was the cause of the damage; that plaintiff was laid off from work for three days; that plaintiff suffered loss of wages of $74.80, and "mental pain and anguish due to the damage done to his reputation as a good and effective worker" in the amount of $50,000. Plaintiff prayed for damages in the amount of $50,074.80.

Defendant answered by general denial and alleged "plaintiff failed to state a cause of action against it"; and moved for summary judgment that plaintiff take nothing.

The trial court granted defendant's motion for summary judgment finding "defendant has a complete defense as a matter of law"; and decreed plaintiff take nothing.

Plaintiff appeals on one point: "The trial court erred in granting summary judgment against it."

The record reflects plaintiff was a member of International Association of Machinists and Aerospace Workers AFL–CIO Union Lodge 776; that the union had a collective bargaining agreement with defendant for its members, and specific grievance and arbitration procedure was a part thereof; that plaintiff instituted grievance procedure through such union procedure, for the three day layoff, but later revoked the right of the union to settle his grievance; filed the instant case; and returned to work for defendant on the same job and same salary.

Where there is a labor contract between a union and an employee which provides procedures for settlement of disputes between the employee and employer, an employee is not entitled to redress in the courts where he fails to exhaust his rem-

edies under the contract. Swilley v. Galveston H. & SA Ry., Tex.Civ.App., er. dismd., 96 S.W.2d 105; Glass v. Hoblitzelle, Tex.Civ.App., er. dismd., 83 S.W.2d 796; Vaca v. Sipes, U.S.Sup.Ct., 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Boone v. Armstrong Cork Co., 5th Cir., 384 F.2d 285.

Plaintiff did not exhaust his administrative remedies before filing suit. The judgment is modified so as to decree that the action is dismissed. As modified the judgment is affirmed.