COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 THE CITY OF EL PASO, TEXAS,
  
                            
 Appellant,
  
 v.
  
 LORENZO MARQUEZ,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00262-CV
  
 Appeal from the
  
 205th
 Judicial District Court
  
 of El
 Paso County, Texas
  
 (TC#2006-3154)
  
 
 


 

                                                                  O
P I N I O N

Appellant,
The City of El Paso (the City) brings this accelerated interlocutory appeal
from an order denying its plea to the jurisdiction and an order denying its
motion for summary judgment.  Tex. Civ. Prac. & Rem. Code Ann. §
51.014 (a)(8) (West 2008).

                                 FACTUAL AND PROCEDURAL BACKGROUND

Appellee,
Lorenzo Marquez, is a former city employee, who worked in the El Paso Fire
Department (EPFD) from March 1982 to May 2007. 
On September 15, 2005, Appellee filed a dual complaint with the Equal
Employment Opportunity Commission (EEOC) and the Civil Rights Division of the
Texas Workforce Commission (TWC).  On the
TWC Charge of Discrimination form, Appellee checked the boxes alleging
discrimination based on retaliation and national-origin, as well as the
continuing action box indicating that the discrimination was ongoing.  Appellee also reported that the earliest date
of discrimination took place on April 1, 2004, and the latest date of discrimination
was September 14, 2005.

In
his charge of discrimination, Appellee stated that on December 14, 2004, he
reported to Assistant Fire Chief Manuel Chavira the disparate treatment against
himself and his subordinates by his immediate supervisor and that no action was
taken regarding his complaint.  On
January 11, 2005, Chavira transferred Appellee from his position in the Support
Division to a position in the Operations Division.  Appellee believed this transfer was made in
retaliation for reporting the discriminatory treatment.  After his reassignment in 2005, Appellee
continued to be discriminated and retaliated against by upper-level management
officials.

On
May 2, 2006, after conducting an investigation the EEOC dismissed Appellee’s
complaint because it could not conclude that the information it had obtained
established statutory violations and provided Appellee a right-to-sue notice
allowing him to file a private suit.  On
August 2, 2006, Appellee filed suit against the City, alleging violations under
Chapter 21 of the Texas Labor Code.[1]  Prior to filing suit, Appellee had requested a
right-to-sue notice from the TWC which he received on August 4, 2006.

In
an amended petition filed on April 7, 2011, Appellee added discrimination and
retaliation claims under Title VII of the Civil Rights Act of 1964[2] and
Section 1981 of Title 42 of the United States Code.[3]  In his live petition, Appellee alleged that
he was forced to resign in May 2007 because he was subjected to a hostile and
intolerable work environment and, as such, was constructively discharged.

In
response to the original petition, the City filed a general denial and a plea
to the jurisdiction which also included a traditional motion for summary
judgment, a no-evidence motion for summary judgment and a motion to dismiss.  Later, the City filed a supplemental plea to
the jurisdiction and motion for summary judgment addressing the federal claims
added in Appellee’s second amended petition. 
Appellee filed a response to the City’s plea and motion for summary
judgment and attached an affidavit stating that on December 14, 2004, he informed
Assistant Fire Chief Chavira about the heightened standards he was subjected to
compared to Anglo employees.  After his
involuntary transfer in January 2005, Appellee asserts that he was replaced by
an Anglo who did not have all the certifications required for the position and did
not have the same certifications as Appellee. 
Furthermore, Appellee states that white employees who were not qualified
or who were less qualified than he is were allowed to work and advance within
the Fire Marshal Division.  From January 11, 2005 to September 14, 2005, Appellee
also states that he was subjected to
ongoing ridicule, humiliation, defamation of character, and hostility.  Additionally, on September 14, 2005, he
learned that false and degrading statements continued to be made against him by
EPFD managers.

The
trial court denied the City’s plea to the jurisdiction and motion for summary
judgment.  This interlocutory appeal
followed.

DISCUSSION

The
City raises three issues for our review, asserting that the trial court erred
in denying both its plea to the jurisdiction and motion for summary
judgment.  In Issue One, Appellant argues
that the trial court erred when it denied its plea to the jurisdiction and
motion for summary judgment because Appellee failed to exhaust his
administrative remedies by not complying with EPFD’s grievance procedure.  In Issue Two, the City argues that the trial
court erred by denying its plea to the jurisdiction and motion for summary
judgment because Appellee failed to preserve his Chapter 21 claims by failing
to timely file his administrative complaint. 
In Issue Three, Appellant contends the trial court lacks subject-matter
jurisdiction over Appellant’s Section 1981 claim.   Because
Appellee incorporates the same arguments it raised in its plea to the
jurisdiction within its motion for summary judgment, our analysis of the City’s
complaints regarding the trial court’s denials of its plea to the jurisdiction and
its motion for summary judgment is the same.

Standard of Review

A plea to the jurisdiction
contests a trial court’s subject-matter jurisdiction. Bland Independent
School District v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Samaniego v.
Keller, 319 S.W.3d 825, 828 (Tex. App. – El Paso 2010, no pet.).  We review de novo whether a trial
court has subject-matter jurisdiction and whether a pleader has alleged facts
that affirmatively demonstrate the trial court’s subject-matter
jurisdiction.  Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004); Keller,
319 S.W.3d at 828.  A trial court’s
review of a plea to the jurisdiction challenging the existence of
jurisdictional facts mirrors that of a motion for summary judgment.  Miranda,
133 S.W.3d at 228; see Tex. R. Civ. P. 166a(c).

            A plaintiff has the burden of
pleading facts which affirmatively show that the trial court has
jurisdiction.  Tex. Ass’n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  Thus, we first consider the plaintiff’s
petition to determine whether the facts pled affirmatively demonstrate that
jurisdiction exists.  State v. Holland,
221 S.W.3d 639, 642-43 (Tex. 2007), citing   Miranda, 133 S.W.3d at 226.  We construe the pleadings liberally in favor
of the pleader, look to the pleader’s intent, and accept as true the factual
allegations in the pleadings.  Miranda,
133 S.W.3d at 226, 228. If the pleadings are insufficient to establish
jurisdiction but do not affirmatively demonstrate an incurable defect, the
plaintiff should be afforded an opportunity to replead.  Holland, 221 S.W.3d at 643; Miranda,
133 S.W.3d at 226-27.  However, in some
instances, a plea to the jurisdiction may require our consideration of evidence
pertaining to jurisdictional facts.  Holland,
221 S.W.3d at 643; Miranda, 133 S.W.3d at 227; Bland Independent
School District, 34 S.W.3d at 555. 
“A plea should not be granted if a fact issue is presented as to the
court’s jurisdiction, but if the relevant undisputed evidence negates jurisdiction,
then the plea to the jurisdiction must be granted.”  Holland, 221 S.W.3d at 643, citing
Miranda, 133 S.W.3d at 227-28.

Exhaustion of Administrative
Remedies

Grievance Procedure

In Issue One, the City urges that the trial court
erred in denying its plea to the jurisdiction and motion for summary because
Appellee failed to exhaust his administrative remedies by not participating in
any step of EPFD’s grievance procedure, and thereby deprived the trial court of
subject-matter jurisdiction over Appellee’s state and federal law claims.  In support of its plea and motion for summary
judgment, the City attached, in part, as evidence:  (1) the September 15, 2005 TWC charge of
discrimination; (2) the EEOC’s September 26, 2005 notice of charge of
discrimination addressed to the City; (3) the EEOC’s May 2, 2006 dismissal and
notice of rights; (4) the TWC’s notice of right to file a civil action dated
August 4, 2006; (5) excerpts of Appellee’s deposition; (6) the 2002-2005
Articles of Agreement between the City and Local 51, International Association
of Firefighters; and (7) a contract extension signed in October 2006.

Citing to four cases, the City contends that under
the terms of the Articles of Agreement, Appellee was required to exhaust EPFD’s
grievance procedure and because he failed to do so, Appellee is not entitled to
seek redress in court.  We disagree.

The cases relied upon by the City are inapposite as
they do not relate to the state or federal claims at issue in the instant case.[4]  We note that the Articles of Agreement do not
contain any mandatory language indicating that Appellee was required to follow
EPFD’s grievance procedure but, rather, provides that any employee covered by
the agreement “may file a grievance . . . .” 
Furthermore, the City does not cite to any authority, nor are we aware
of any, indicating that either Chapter 21 or Title VII of the Civil Rights Act
of 1964 mandate that a complainant must exhaust the grievance procedure of his
or her employer in addition to the statutory requirements.   Tex. Lab. Code Ann. § 21.001-556 (West
2006); 42 U.S.C. § 2000e et seq.

Chapter 21 of the Labor Code, which is also known as
the Commission on Human Rights Act (TCHRA), deals with employment
discrimination.[5]   Tex.
Lab. Code Ann. § 21.001-556 (West 2006). 
The stated purposes of Chapter 21 include providing “for the execution
of the policies of Title VII” and identifying and creating “an authority,”
i.e., the TWC, to effectuate those policies. 
Id. § 21.001(1)(2).  Under Chapter 21, it is unlawful for an
employer to discriminate against an employee because of race, color,
disability, religion, sex, national origin, or age.  Id.
at § 21.051.  It is also unlawful for an employer to
retaliate or discriminate against an employee who opposes a discriminatory
practice or files a charge of discrimination. 
Id. at § 21.055.  It
is well settled that before suing under Chapter 21, the complainant must
exhaust his administrative remedies.  See Hoffmann–La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 446 (Tex. 2004); El Paso County v. Navarrete,
194 S.W.3d 677, 683 (Tex. App. – El Paso 2006, pet. denied); see also Schroeder v. Tex. Iron Works, Inc.,
813 S.W.2d 483, 487 (Tex. 1991) (generally,
the exhaustion of remedies is a prerequisite to bringing a civil action under
Title VII or the TCHRA).  

The failure to exhaust the administrative remedies
is a jurisdictional defect which deprives the courts of subject-matter
jurisdiction.  Id. at 488; Lopez, 259 S.W.3d at 149.  The
exhaustion of administrative remedies under Chapter 21 begins with the filing
of a charge of discrimination with the TWC. 
See Tex. Lab. Code Ann.
§ 21.201 (West 2006); Waffle House, Inc. v. Williams, 313 S.W.3d 796, 804
(Tex. 2010).  To comply with the exhaustion of
administrative remedies doctrine under Chapter 21 of the Texas Labor Code a
plaintiff must:  (1) file a complaint
with the TWC within 180 days of the alleged discriminatory practice; (2) permit
TWC to dismiss the complaint or resolve it within 180 days before filing suit;
and (3) file suit no later than two years after the complaint is filed.  Tex.
Lab. Code Ann. §§ 21.201-202, 208, 256; Rice v. Russell-Stanley, L.P., 131 S.W.3d 510, 513 (Tex. App. –
Waco 2004, pet. denied).  The plaintiff’s
administrative remedies are exhausted by his or her entitlement to a
right-to-sue letter and which simultaneously ends the exclusive jurisdiction of
the TWC.  Rice, 131 S.W.3d at 513; City of Houston v. Fletcher, 63 S.W.3d
920, 923 (Tex. App. – Houston [14th Dist.] 2002, no pet.); Tex. Lab. Code Ann. §§ 21.208, 252 (West
2006).

Under Title VII, in order for a plaintiff to bring
a civil action, the exhaustion of administrative remedies is a two-step
process:  (1) a charge must be timely
filed with the EEOC; and (2) a suit must be brought within ninety days of receiving
the EEOC’s right-to-sue letter.  42
U.S.C. §§ 2000e–5(e)(1), e-5(f)(1); Nat’l
R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10, 122 S.Ct. 2061, 153
L.Ed.2d 106 (2002); Alexander v.
Gardner–Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). 
Moreover, “aggrieved employees may seek relief under Title VII without first
invoking or exhausting available alternative legal or contractual remedies.”  Rios v.
Reynolds Metals Co., 467 F.2d 54, 57 (5th Cir. 1972); Hutchings v. U.S. Indus., Inc., 428 F.2d 303, 309 (5th Cir. 1970).

Accordingly, there is nothing in Chapter 21 or Title
VII that required Appellee to exhaust EPFD’s grievance procedures prior to
filing suit under either Chapter 21 of the Texas Labor Code or Title VII.  Tex. Lab.
Code Ann. § 21.001-556 (West 2006); 42 U.S.C. § 2000e.  Because Appellee was not required to exhaust
EPFD’s grievance procedures prior to filing suit, we find that the trial
court did not err in denying the City’s plea to the jurisdiction based on
Appellee’s failure to exhaust administrative remedies as to his Chapter 21 and
Title VII claims.  See id.  Issue One is overruled.

Timeliness of the Filing of the
Administrative Complaint

            In
Issue Two, the City argues that the trial court erred by denying its plea to
the jurisdiction and motion for summary judgment because Appellee failed to
timely file his administrative complaint within 180-days of the alleged
unlawful employment practice as required by statute and thereby deprived the
trial court of subject-matter jurisdiction, and failed to preserve his Chapter
21 claims for judicial review.[6]  Appellee counters that his complaint was
timely filed because the City’s actions constituted a continuing violation
until he was forced to resign due to the alleged hostile work environment.

An administrative complaint must be filed no later
than the 180th day after the date the alleged unlawful employment action took
place.  Tex.
Lab. Code Ann. § 21.202(a) (West 2006); Santi v. University of Texas Health Science Center at Houston, 312
S.W.3d 800, 804 (Tex. App. – Houston [1st Dist.] 2009, no pet.).  The 180-day statutory deadline is a mandatory
and jurisdictional prerequisite to filing suit. 
Specialty Retailers, Inc. v.
DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996); Comptroller v. Landsfeld, 352 S.W.3d 171, 178 (Tex. App. – Fort
Worth 2011, pet. denied); Tex. Parks
& Wildlife Dep’t v. Dearing, 150 S.W.3d 452, 459 (Tex. App. – Austin
2004, pet. denied).  The 180-day deadline
begins to run “when the employee is informed of the allegedly discriminatory
employment decision . . . .”  DeMoranville, 933 S.W.2d at 493 (citing Delaware State Coll. v. Ricks,
449 U.S. 250, 258, 101 S. Ct. 498, 66 L.Ed.2d 431 (1980));[7] Univ. of Tex. v. Poindexter, 306 S.W.3d
798, 807 (Tex. App. – Austin 2009, no pet.).

The City asserts that the relevant date that, in
fairness and logic, should have alerted Appellee to act to protect his rights
was December 14, 2004, when Appellee initially complained to his supervisors
about the alleged discrimination.  In the
alternative, the City maintains that the last possible date the 180-day
statutory clock could have begun to run is January 11, 2005, when Appellee was
involuntarily transferred from his position in the El Paso Fire Marshal’s
Office.  Because Appellee did not file
his complaint until September 15, 2005, the City argues that under either of
these two dates, Appellee’s complaint was filed well beyond the 180-day
statutory deadline.  We disagree.

Failure to comply with the statutory 180-day
deadline is a failure to exhaust administrative remedies that deprives the
trial court of subject-matter jurisdiction. 
See Lopez, 259 S.W.3d at 154; Schroeder, 813 S.W.2d
at 488; Balli v. El
Paso Independent School District, 225 S.W.3d 260, 265 (Tex. App. – El Paso 2006, pet. granted, jmt.
vacated).  However, an exception to the
180-day statutory requirement is found within the continuing violation
doctrine.  Santi, 312 S.W.3d at 804. 
The doctrine applies when an unlawful employment practice manifests
itself over a period of time, rather than as a series of discrete acts.  Wal-Mart
Stores Inc. v. Davis, 979 S.W.2d 30, 41-42 (Tex. App. – Austin 1998, pet.
denied).  In Davis, the court held that in some cases “equitable considerations
may require that the filing period not begin until acts supportive of a civil
rights action are, or should be, apparent to a reasonably prudent person in the
same or a similar position.”  Id. at 42.  Under the continuing
violation doctrine a plaintiff is relieved from proving that the entire
discriminatory practice occurred within the actionable time period, if he can
show a series of related acts, one or more which fall within the 180-day
statutory deadline.  Id. at 41-42.  When a
continuing violation of discrimination occurs, the 180-day statutory clock for
filing does not start to run until one of the involved discriminatory events
should, in fairness and logic, have put the average layperson on alert to act
to protect his or her rights.  Poindexter, 306 S.W.3d at 808.

Here, Appellee’s September 15, 2005 charge of
discrimination indicates that the discrimination against him was an ongoing
action, with the earliest date of discrimination beginning on April 1, 2004 and
the latest date being September 14, 2005. 
On January 11, 2005, almost a month after Appellee first complained of
discriminatory treatment to Assistant Fire Chief Chavira, Appellee was
involuntarily transferred to a different position in a different unit.  However, Appellee’s transfer did not stop the
discrimination he was subjected to by upper level management.  Appellee was allegedly subjected to ongoing
ridicule, humiliation, defamation of character, and hostility at work.  Additionally, as of September 14, 2005, false
and degrading statements purportedly continued to be made against Appellee by
EPFD managers.  Ultimately, Appellee
asserts that he was compelled to resign from his employment due to the hostile
and intolerable work environment.

As noted above, Appellee’s charge of discrimination
implicates a hostile work environment.  A
hostile environment claim is a continuing violation.  Santi,
312 S.W.3d at 805.  Accordingly, Appellee’s
allegations fall within the continuing violation doctrine and the doctrine is
applicable in the instant case because the discriminatory acts against Appellee
manifested themselves over time rather than occurring as a series of discrete
events.  Id. at 804-05.  Because one
of Appellee’s allegations of discrimination occurred during the 180-day
statutory period, the trial court was able to consider all of his allegations
even if some of the acts occurred outside of the 180-day deadline.  See Davis,
979 S.W.2d at 41-42.  Therefore, we
conclude that Appellee’s complaint was timely filed.  And as such, the trial court did not err in
denying the City’s plea to the jurisdiction as to his Chapter 21 claims.  Issue Two is overruled.

Subject-Matter Jurisdiction over
42 U.S.C. § 1981 Claims

In Issue Three, for the first time, the City asserts
that the trial court lacks subject-matter jurisdiction to consider Appellee’s claim
under Section 1981 of Title 42 of the United States Code and accordingly, seeks
dismissal of the claim.  42 U.S.C. §
1981.  Specifically, the City contends
that the trial court lacks subject-matter jurisdiction because local
governmental entities are not subject to liability under Section 1981 and such
a claim can only be pursued through Section 1983.  The City maintains that the record does not
support a finding that Appellee can amend his pleadings to present valid Section
1983 claims.  In response, Appellee urges
that his Section 1981 claims are timely and well-pled and that the “fair
notice” pleading rule implicitly recognizes his claims under Section 1983.

Standard of Review and Applicable Law

            Subject-matter
jurisdiction is essential for a court to have authority to decide a case.  Tex. Ass’n of Bus., 852 S.W.2d at 443.  Subject-matter jurisdiction may be
raised for the first time on appeal.  Id. at 445.  Because subject-matter jurisdiction is a
question of law, our review is de novo.  See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  If
the trial court lacked jurisdiction, then an appellate court only has
jurisdiction to set the judgment aside and dismiss the cause.  Dallas
County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex.
App. – Dallas 1994, writ denied).

The standard of review for reviewing subject-matter
jurisdiction requires the pleader to allege facts that affirmatively
demonstrate the trial court’s jurisdiction to hear the cause.  Dallas
County Appraisal Dist., 887 S.W.2d at 469; Tex. Ass’n of Bus., 852
S.W.2d at 446.  On review, we construe the
petition in favor of the pleader, and if necessary, we review the entire record
to determine if any evidence supports jurisdiction.  Dallas
County Appraisal Dist., 887 S.W.2d at 469; Tellez v. City of Socorro, 164 S.W.3d 823, 828 (Tex. App. – El Paso
2005), rev’d, 226 S.W.3d 413 (Tex.
2007).  If the petition fails to allege
jurisdictional facts, the plaintiff’s suit is subject to dismissal only when it
is impossible to amend the pleadings to confer jurisdiction.  Tex. Ass’n of Bus., 852 S.W.2d at 446.

Under Section 1981 “[a]ll persons . . . have the same
right . . . to make and enforce contracts . . . as is enjoyed by white citizens
. . . .”  42 U.S.C. § 1981(a).  As the City points out, the Supreme Court has
held that “the express cause of action for damages created by § 1983
constitutes the exclusive federal remedy for violation of the rights guaranteed
in § 1981 by state governmental units . . . .”  Jett v.
Dallas Indep. Sch. Dist., 491 U.S. 701, 733, 109 S.Ct. 2702, 105 L.Ed.2d
598 (1989).  Although Section 1981 was
amended by Congress after Jett, the
Fifth Circuit has held that the exclusive remedy against state actors for
Section 1981 violations continues to be Section 1983.  See
Crawford v. City of Houston, Tex.,
260 F. App’x 650, 652 (5th Cir. 2007); Oden
v. Oktibbeha Cnty., Miss., 246 F.3d 458, 463-64 (5th Cir. 2001).  This requirement “is not a mere pleading
formality.” Felton v. Polles, 315
F.3d 470, 482 (5th Cir. 2002).  In
pleading so, a party “cannot proceed under a theory of respondeat superior and
must instead satisfy the ‘custom or policy’ test fashioned for suits against a
municipality under § 1983.”  Evans v. City of Houston, 246 F.3d 344,
358 (5th Cir. 2001).  To
establish a Section 1983 violation, a plaintiff must show that: (1) a policy or
custom existed; (2) the governmental policymakers actually or constructively
knew of the policy’s existence; (3) a constitutional violation occurred; and
(4) the custom or policy served as the moving force behind the violation.  Meadowbriar
Home for Children, Inc. v. Gunn, 81 F.3d 521, 532-33 (5th Cir. 1996).

Application

Here, Appellee did not assert a claim under Section
1983 against the City, but rather only raised a Section 1981 claim in his
second amended petition.  42 U.S.C. §
1983.  Because claims alleging Section
1981 violations against state actors must be brought under Section 1983, we
conclude that the trial court lacks subject-matter jurisdiction over Appellee’s
Section 1981 claims.  Williams-Boldware v. Denton County, 2010
WL 2991164, at *5 (E.D. Tex. 2010) (holding that in the Fifth Circuit, state
actors must be sued through Section 1983 for Section 1981 violations).  Appellee urges that he is entitled to amend
his pleadings to cure the defect.  Based
on our review of the record, we conclude that it is impossible for Appellee to
amend the pleading in a manner that would support a valid Section 1983 claim as
nothing in the record indicates that a policy or custom existed, that
governmental policymakers had actual or constructive knowledge of the policy’s
existence, or that a policy or custom were the moving force behind the
violation of Appellee’s constitutional rights. 
Miranda, 133 S.W.3d at 226-27; Meadowbriar, 81 F.3d at 532-33.

Consequently, because we have found that the trial
court lacked jurisdiction over Appellee’s Section 1981 claims, the proper
practice is for the reviewing court to set the judgment aside and dismiss the
cause.  Dallas County Appraisal Dist., 887 S.W.2d at 469.  Therefore, we dismiss Appellee’s Section 1981
claim for lack of subject-matter jurisdiction. 
See Tex. Ass’n of Bus., 852
S.W.2d at 446.  Issue
Three is sustained.

CONCLUSION

Having
overruled the City’s first two issues, we affirm the trial court’s orders as
they pertain to Appellee’s Chapter 21 and Title VII claims.  Having sustained the City’s third issue, we dismiss
Appellee’s Section 1981 claim for lack of subject-matter jurisdiction.

 

                                                                        GUADALUPE
RIVERA, Justice

September 25, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
Tex. Lab. Code Ann. §§ 21.001-556
(West 2006).

 





[2]
42 U.S.C. § 2000e et seq.

 





[3]
42 U.S.C. § 1981.





[4]
See Lindsey v. General Dynamics Corp.,
450 S.W.2d 895, 895 (Tex. Civ. App. – Waco 1970, no writ) (action to recover
lost wages from three-day lay off); Kelley
v. Southern Pacific Co., 429 S.W.2d 583 (Tex. Civ. App. – El Paso 1968, no
writ) (wrongful discharge case); Fort
Worth Transp. Auth. v. Thomas, 303 S.W.3d 850 (Tex. App. – Fort Worth 2009,
pet. denied) (breach of contract) ; Rep.
Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed. 2d 580 (1965)
(suit for severance pay).

 





[5]
The TCHRA has been replaced with the civil rights division of the TWC.  See Tex. Lab. Code Ann. § 21.0015.





[6]
The City does not challenge the timeliness of the filing of the administrative
complaint concerning his Title VII claims.





[7]
When interpreting Chapter 21 of the Texas Labor Code, courts may look to
federal precedent to interpret it because it effectuates federal
anti-discrimination legislation.  See Quantum Chem. Corp. v. Toennies, 47
S.W.3d 473, 475-76 (Tex. 2001); Bowen v.
El Paso Elec. Co., 49 S.W.3d 902, 908 (Tex. App. – El Paso 2001, pet.
denied).